670

## BOARD OF COUNTY COMMISSIONERS OF CHARLES COUNTY ET AL. *v.* CONNER t/a SOUTHERN TRAILS RENO

[No. 244, September Term, 1968.]

*Decided December 6, 1968.*

*Motion for rehearing filed December 27, 1968; denied January 6, 1969.*

The cause was argued before HAMMOND, C. J., and McWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

*Donald Needle* and *Thomas A. Garland, Assistant Attorneys General*, with whom were *Francis B. Burch, Attorney General,* and *Thomas C. Hayden, Jr.* on the brief, for appellants.

*Joseph S. Kaufman* and *Francis S. Brocato* for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

This case was advanced and argued immediately after the case of *Clerk v. Chesapeake Beach Park, Inc.,* 251 Md. 657 in which we reversed the holding of the Circuit Court for Calvert County that console and pinball machines that pay off in merchandise are not slot machines within the definition of Ch. 617 of the Laws of 1963 and could legally be licensed and operated in Calvert County. In the case now before us the Circuit Court for Charles County reached the same conclusion, as had the Circuit Court for Calvert County, holding that one-arm bandits were proscribed statewide by Ch. 617 as slot machines, even though they paid off in tokens redeemable for merchandise but that console and pinball machines that paid off in merchandise were not within the definition in Ch. 617 of slot machines and therefore could legally be licensed and operated under the local law of Charles County.

For the reasons given in the opinion in the Calvert County case, we hold that Judge Digges erred in finding the console and pinball machines to be without the definition of a slot machine in Ch. 617 and his orders implementing his findings in this respect must be reversed.

> *Order of the Circuit Court for Charles County granting the writ of mandamus for the licensing of console and pinball machines reversed, and its order denying the writ for one-arm bandits affirmed, and case remanded for the making of a declaration in accordance with the opinion herein, all costs to be paid by the appellee.*